UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

FLOYD E. KOHN,

    Plaintiff,     Case No. 1:18-cv-920

v.           Honorable Paul L. Maloney

UNKNOWN BROWN et al.,

    Defendants.
_____/

## OPINION

  This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

  **I. Factual allegations**

  Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Michigan. The events about which he complains, however, occurred at the Muskegon Correctional Facility

(MCF) in Muskegon, Michigan. Plaintiff sues the following MDOC employees at MCF: Lieutenant Reggie Moore, Corrections Officer (unknown) Brown, and all yard officers working the first shift on February 4, 2018.

Plaintiff alleges he was attacked by another inmate on February 4, 2018, because he is a transgender individual. When the attack occurred, Plaintiff was leaving his unit to attend breakfast in the chow hall. Plaintiff suffered multiple injuries as a result of the attack, including a gash in his head, stab wounds, and bruises. When he returned to his unit, officers placed him in protective custody to seclude him from the general prison population. Plaintiff contends that the officers assigned to watch the hallway to the chow hall, including Defendant Brown and the other officer-defendants, were absent from their posts, and, had they seen the assault, they would have prevented it from going on for as long as it did. Plaintiff alleges that they did not intervene because they were not aware of the assault until after it was over. He suspects that the officers were absent because it was Superbowl Sunday. Plaintiff alleges that Defendant Moore was the supervisor responsible for ensuring that the officers were at their posts, but he failed to adequately supervise his staff.

Plaintiff contends that he is especially susceptible to attack because he has feminine physical characteristics, including breasts. Plaintiff contends that Defendants violated his rights under the Eighth Amendment by failing to provide reasonable safety.

As relief, Plaintiff seeks compensatory damages of $1,000,000.00.

**II.     Failure to state a claim**

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While

a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff alleges a violation of the Eighth Amendment, contending that Defendants failed to take reasonable measures to ensure his safety. In its prohibition of "cruel and unusual punishments," the Eighth Amendment places restraints on prison officials, directing that they may not use excessive physical force against prisoners and must also "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-527 (1984)). To establish liability under the Eighth Amendment for a claim based on a failure to prevent harm to a prisoner, Plaintiff must show that Defendants acted with "deliberate indifference" to a substantial risk that Plaintiff would suffer serious harm. *Farmer,* 511 U.S. at 834; *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Woods v. Lecureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).

Deliberate indifference means that the defendant is aware of, and disregards, an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837. In other words, the defendant must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id*. Thus, the mental state required for an Eighth Amendment claim is something close to common-law recklessness. *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078, 1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4). It is a "state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835; *see also Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the ordinary lack of due care for the prisoner's interests or safety").

Plaintiff fails to state a claim because Defendants were not aware of the assault on Plaintiff until after the fact. Plaintiff has not alleged facts from which to infer that the Defendants assigned to watch the hallway to the chow hall were aware of a substantial risk that Plaintiff would

be assaulted by another inmate if they were temporarily absent from their posts. Nor does he allege any facts indicating that Defendant Brown was aware of such a risk. At best, Plaintiff has stated a claim of negligence. However, negligence is not sufficient to give rise to an Eighth Amendment claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that the complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:   September 19, 2018            /s/ Paul L. Maloney
                                        Paul L. Maloney
                                        United States District Judge